IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY SMITH, | 1:12-cv-01386 GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| E. WISNIEWSKI, | |
| Defendant. | (MOTION #6) |
| _____/ | |

On September 4, 2012, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1         In the present case, the court does not find the required exceptional circumstances. Plaintiff's case stems from allegations that the defendant, who was hired to conduct new evaluations on civil detainees at Coalinga State Hospital, such as Plaintiff, is not complying with current state law.  Plaintiff requests injunctive relief via an order requiring that the new evaluations comply with the most current state law.  At this early stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits.  Moreover, based on Plaintiff's complaint, it appears that he is able to adequately articulate his claims.  Id. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case does not appear exceptional. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

        Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

    IT IS SO ORDERED.

    Dated:   **September 6, 2012**                        **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE