1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY SMITH, | ) 1:12-cv-01386 AWI GSA PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THIS ACTION BE DISMISSED FOR FAILURE |
| v. | ) TO STATE A CLAIM UPON WHICH RELIEF |
| | ) COULD BE GRANTED |
| DR. WISNIEWSKI, | ) |
| | ) OBJECTIONS DUE IN THIRTY DAYS |
| Defendant. | ) |
| _____ | ) |

I.      **Screening Requirement**

        Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

        The Court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading

7   standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

8   n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.   Plaintiff's Claim**

12      Plaintiff's sole claim in this action relates to his status as a sexually violent predator (SVP).

13  Plaintiff claims that Coalinga State Hospital has hired a private evaluator, Dr. Wisniewski, "to do

14  new evaluations on their SVP patients like me." Plaintiff indicates that his underlying criminal

15  conduct occurred over 30 years ago, and he has essentially been given an illegal indefinite life

16  sentence. As relief, Plaintiff requests the Court "to please order new and current by state law

17  evaluations."

18      When a prisoner challenges the legality or duration of his custody, or raises a constitutional

19  challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

20  corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990),

21  cert. denied 11 S.Ct. 1090 (1991). Here, Plaintiff's central claim is that his continued status is an

22  SVP is invalid. The core of Plaintiff's complaint goes to the validity of his underlying conviction.

23  This action should therefore be brought as a habeas claim.

24      Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss

25  the claim without prejudice for failure to exhaust, rather than converting it to a habeas and

26  addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v.

27  City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

28  ///

**III.     Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claims arise from his classification as a sexually violent predator.  Plaintiff's claim challenges the validity of his continued confinement.  Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 6, 2012**                         **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

3